United States District Court
Southern District of Texas
**ENTERED**
July 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HLEVICTOR A. HOSKINS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02645 |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on February 6, 2025 (Doc. #13), *pro se* Plaintiff Hlevictor A. Hoskins, Jr.'s ("Plaintiff") Objections (Doc. Nos. 14, 15, 17), Defendant Social Security Administration's ("Defendant") Response (Doc. #16), and Plaintiff's Reply (Doc. #19). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

Plaintiff filed this action on July 16, 2024, alleging that Defendant failed to act on his request for a new Social Security number. Doc. #1. Plaintiff seeks $150,000 in damages. *Id.* In her Memorandum and Recommendation, Judge Ho recommends the Court dismiss this case for lack of subject-matter jurisdiction. Doc. #13 at 8. Judge Ho first concludes that Plaintiff's claims do not fall within the limited waiver of sovereign immunity provided by 42 U.S.C. § 405(g), which permits judicial review only of final decisions made by the Commissioner of Social Security. *Id.*

at 4–5. Because Plaintiff has failed to plausibly allege that he received a final agency decision on his request, jurisdiction under 42 U.S.C. § 405(g) is plainly lacking. Judge Ho also considered whether Plaintiff's claims could be construed to assert a claim under the Federal Tort Claims Act ("FTCA"). *Id.* at 5–6. Judge Ho concluded that even if so construed, jurisdiction is still lacking because Plaintiff has failed to exhaust his administrative remedies, a mandatory prerequisite under 28 U.S.C. § 2675(a). *Id.* Finally, Judge Ho considered whether Plaintiff may have intended to bring a *Bivens* claim. *Id.* at 7. However, Judge Ho correctly determined that jurisdiction is still lacking because *Bivens* claims may not be asserted against a federal agency. *Id.* After liberally construing *pro se* Plaintiff's Complaint to raise all of these legal claims, Judge Ho properly determined that dismissal is warranted for lack of subject-matter jurisdiction. *Id.* at 8.

In his objections, Plaintiff argues that Defendant's two-year inaction on his request for a new Social Security number satisfies the FTCA's exhaustion requirement. Doc. #14 at 2. However, the FTCA instructs that a tort claim cannot be entertained in federal court unless it is "first presented . . . to the appropriate Federal agency" and the administrative claim has "been finally denied by the agency in writing," or unless six months have passed since the plaintiff made his administrative demand. 28 U.S.C. § 2675(a). Plaintiff has not plausibly alleged that he filed an administrative tort claim with the Social Security Administration. Plaintiff's general allegation that he requested a new Social Security number, without more, does not satisfy the FTCA's exhaustion requirement. Because Plaintiff has failed to allege that he exhausted his administrative remedies under the FTCA, his objections must be overruled. *See Nguyen v. United States Postal Serv., of United States Gov't*, No. 23-30547, 2024 WL 655578, at *1 (5th Cir. Feb. 16, 2024) (noting the Fifth Circuit has "long held that administrative exhaustion is a jurisdictional requisite to filing an FTCA action").

Second, even if Plaintiff had properly exhausted his administrative remedies under the FTCA, dismissal would still be warranted because he has named the wrong defendant. "The United States, and not the agency itself, is the proper defendant in an FTCA action." *Famer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388–89 (5th Cir. 2014). Because the Social Security Administration lacks the capacity to be sued under the FTCA, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim on that basis as well. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (holding that an FTCA claim against a federal agency as opposed to the United States must be dismissed for want of jurisdiction). Finally, to the extent Plaintiff's objections raise new legal theories or causes of action not previously asserted in his Complaint or in briefing before Judge Ho, those arguments are not properly before the Court and will not be considered. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (noting that "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge").

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #13) as its Order. As such, Defendant Social Security Administration's Motion to Dismiss (Doc. #8) is hereby GRANTED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. It is further ORDERED that Plaintiff's Motions for Discovery (Doc. Nos. 9, 10) are hereby DENIED. Finally, Plaintiff's Motion for Ruling on Objections to Magistrate's Memorandum and Recommendation is DENIED as MOOT. Doc. #24.

It is so ORDERED.

JUL 1 8 2025
Date

The Honorable Alfred H. Bennett
United States District Judge